IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SHERMAN,

    Petitioner,                      No. CIV S-06-0016 GEB DAD P

    vs.

YOLO COUNTY SHERIFF, et al.,

    Respondents.                  ORDER

_____/

        Petitioner, a Yolo County Detention Center inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.[1] Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

/////

---

[1] On May 3, 2006, the court ordered petitioner to submit a new in forma pauperis application because at that time petitioner was no longer in custody. Petitioner filed in forma pauperis applications on May 10, 2006 and May 31, 2006. However, petitioner now appears to be once again in custody. Therefore, the court has examined the application that was filed on January 4, 2006 when petitioner initiated this action while confined at the Yolo County Detention Center.

1

1  Since petitioner may be entitled to relief if the claimed violation of constitutional
2  rights is proved, respondents will be directed to file a response to petitioner's habeas petition.
3  On January 4, 2006, petitioner filed a document styled, "Motion For Stay Of
4  Execution Of Sentence Pending Relief, Motion For Court-Appointed Attorney[,] Motion For
5  Discovery Of D.A. Records." Although the court may stay state court proceedings pursuant to 28
6  U.S.C. § 2251, petitioner has failed to provide any arguments or facts in support of his motion.
7  In addition, since petitioner was convicted and sentenced in March of 2004 to serve a 90-day jail
8  term, it is not clear whether petitioner had already completed service of the jail term imposed
9  with respect to the challenged conviction. Therefore, petitioner's motion for a stay of execution
10 of sentence will be denied as defective.
11 As to petitioner's motion for the appointment of counsel, there currently exists no
12 absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d
13 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
14 any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing
15 § 2254 Cases. In the present case, the court does not find that the interests of justice would be
16 served by the appointment of counsel at the present time.
17 In accordance with the above, IT IS HEREBY ORDERED that:
18 1. Petitioner's application to proceed in forma pauperis is granted;
19 2. Respondents are directed to file a response to petitioner's habeas petition
20 within thirty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An
21 answer shall be accompanied by all transcripts and other documents relevant to the issues
22 presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;
23 3. If the response to the habeas petition is an answer, petitioner's reply, if any,
24 shall be filed and served within thirty days after service of the answer;
25 4. If the response to the habeas petition is a motion, petitioner's opposition or
26 statement of non-opposition to the motion shall be filed and served within thirty days after

service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter;

      5. Petitioner's January 4, 2006 motion for a stay of execution of sentence is denied;

      6. Petitioner's January 4, 2006 motion for the appointment of counsel is denied; and

      7. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Stan Cross, Supervising Deputy Attorney General.

DATED: August 14, 2006.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sher0016.100